IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALCOLM JOHNSON,<br>an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.;<br><br>　　　　Defendant. | Case No. |

# COMPLAINT

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues Dollar Tree Stores, Inc. (hereinafter referred to as "DOLLAR TREE"), and demands injunctive relief and attorneys' fees, and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and damages, injunctive relief, and attorneys' fees and costs pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. This is also an action for damages, declaratory and injunctive relief pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* (hereinafter referred to as the "MHRA"). This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.  Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides less than six (6) miles away from the facility which is the subject of this action.

5.  MR. JOHNSON suffers from chronic obstructive pulmonary (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

6.  MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

7.  Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

8.  MR. JOHNSON is a qualified individual with a disability under the ADA.

9.  MR. JOHNSON is a qualified individual with a disability under the MHRA.

10. Upon information and belief, Dollar Tree Stores, Inc. (hereinafter "DOLLAR TREE") is a corporation registered to do business in Missouri, and actively doing business in Missouri, which has its principal office in Chesapeake, Virginia.

11. Upon information and belief, Dollar Tree Stores, Inc. can contacted at:

    CSC-LAWYERS INCORPORATING SERVICE COMPANY
    221 Bolivar Street
    Jefferson City, MO 65101

12. Upon information and belief, DOLLAR TREE is the operator and lessee of the retail establishment that is the subject of this action, to wit: the Dollar Tree Store located at 9136 St. Charles Rock Road, St. Louis, Missouri 63114. (hereinafter referred to as "the Property").

13. The Property is a retail store that sells food, merchandise, and sundries to the general public.

14. Upon information and belief, Defendant DOLLAR TREE is the operator of the Property and the lessee of the Property.

15. DOLLAR TREE is obligated to comply with the MHRA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

16. MR. JOHNSON realleges and reavers Paragraphs 1 - 15 as if they were expressly restated herein.

17. The Property is a place of public accommodation, subject to the ADA, generally located at: 9136 St. Charles Rock Road, St. Louis, Missouri 63114.

18. Upon information and belief, MR. JOHNSON has visited the Property multiple times and desires to visit the Property again in the near future. MR. JOHNSON lives less than three miles away from the Property.

19. Upon information and belief, MR. JOHNSON would like to visit the Property multiple times each month to purchase food, merchandise, and sundries, including Key lime Pies shaving cream, etc.

20. The discrimination alleged herein is ongoing.

21. At various times, MR. JOHNSON has personally observed or encountered all of the barriers which are the subject of this action.

22. Due to the accessibility barriers discussed below, MR. JOHNSON knows that he will have difficulty patronizing the Property in a manner equivalent to non-disabled persons.

23. On Friday, April 5, 2019, MR. JOHNSON visited the Property and encountered physical

barriers to access. Specifically, MR. JOHNSON encountered the following barriers to access:

    A.    Boxes blocking the required accessible route;

    B.    Merchandise blocking the required accessible route; and

    C.    Equipment blocking the required accessible route.

24. On Friday, April 12, 2019, MR. JOHNSON returned to the Property. During his return visit, MR. JOHNSON yet again encountered the barriers to access, including the boxes blocking the required accessible route, the merchandise blocking the required accessible route, and the equipment blocking the accessible route.

25. During his visits, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the physical barriers at issue in this case.

26. MR. JOHNSON continues to desire to visit the Property, but fears that he will continue to experience difficulty due to the barriers discussed above.

27. On April 18, 2019, in an effort to avoid litigation, MR. JOHNSON, through undersigned counsel, sent defendant correspondence providing it with notice of MR. JOHNSON's disability and his use of a mobility device, the non-compliant conditions, and the requirements of state and federal law. MR. JOHNSON then made specific requests for modifications/accommodations to remedy the non-compliant conditions, stating as follows:

> The specific fixes requested are as follows:
>
> (1) removal of all boxes, merchandise, and equipment blocking the required accessible routes;
> (2) implementing re-training procedures to eliminate the staff's informal policy/practice of permitting the required accessible route to be blocked by boxes,

      merchandize, and equipment which is not being immediately stocked or re-shelved;
      (3) training the staff on the required ADA clear-width requirements;
      (4) enforcement by Dollar Tree of all clear-width requirements;
      (5)    weekly inspections and corresponding logs of all aisle widths;
      (6)    entering into a binding settlement agreement with Rev. Malcolm Johnson.

28. On April 30, 2019, undersigned counsel received correspondence from Patricia Haas, assistant general counsel for Dollar Tree, who stated that she was in receipt of MR. JOHNSON's correspondence, that Dollar Tree is "committed to providing an accessible shopping space," and that "We will be investigating the concerns raised in your letter and will take appropriate action."

29. MR. JOHNSON received no further response or information from DOLLAR TREE.

30. DOLLAR TREE to inform MR. JOHNSON of what steps they would be taking, if any, to correct the non-compliant conditions.

31. By failing to inform MR. JOHNSON of what steps they would be taking, if any, to correct the non-compliant conditions, DEFENDANTS constructively denied MR. JOHNSON's request for reasonable accommodation/modification.

32. Upon information and belief, the presence of the barriers is as a result of DEFENDANTS' failure to adopt policies related to maintaining required clear accessible routes.

33. Upon information and belief, the presence of the barriers is as a result of DEFENDANTS' failure to adopt procedures related to maintaining required clear accessible routes.

34. Upon information and belief, the presence of the barriers is as a result of DEFENDANTS' failure to adopt training policies to ensure that DEFENDANTS' staff

5

maintain the required clear accessible routes.

35. Since April 30, 2019, MR. JOHNSON has returned to the Property at issue on an estimated three occasions. On at least one of those occasions, MR. JOHNSON encountered the barriers to access which are the subject of this action.

36. The barriers discussed above are excluding MR. JOHNSON from being able to shop at the Property in a manner equivalent to non-disabled persons.

37. MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

38. MR. JOHNSON presently fears that he will encounter the mobility-related barriers which are the subject of this action when he returns to the Property in the future.

39. MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until DEFENDANTS adopt policies/procedures to ensure that the barriers at issue in this case do not re-occur.

40. MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to modify the barriers at the Property.

41. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

42. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

43. Upon information and belief, removal of the barriers to access located on the Property

would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

44. Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

45. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF TITLE III OF THE MISSOURI HUMAN RIGHTS ACT

46. MR. JOHNSON hereby incorporates by reference all allegations contained in all preceding paragraphs of this as if they were expressly set forth herein.

47. The Property is a place of public accommodation, subject to the MHRA, generally located at: 8905 Natural Bridge Rd., Saint Louis, MO 63121.

48. Mo. Rev. Stat. § 213.065 provides: "All persons within the jurisdiction of the state of Missouri . . . shall be entitled to the full and equal use and enjoyment . . . of any place of public accommodation . . . without discrimination or segregation on the grounds of . . . disability."

49. Mo. Rev. Stat. § 213.065 further provides: "It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation . . . or to segregate or discriminate against any such person in the use

thereof on the grounds of . . . disability."

50. The conduct alleged herein violates the MHRA, Mo. Rev. Stat. § 213.065.

51. The conduct alleged herein denies MR. JOHNSON of the full and equal use and enjoyment of the facilities, accommodations and services at the Property on account of his disability.

52. The conduct alleged herein discriminates against MR. JOHNSON in the use of the facilities, accommodations and services at the Property on account of his disability.

53. Defendant has violated the MHRA by failing to remove the architectural barriers at the Property.

54. Defendant has further violated the MHRA by failing to make the Property accessible through alternative methods to barrier removal.

55. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendant.

56. Defendant's conduct has resulted in a cognizable injury to MR. JOHNSON.

57. In August of 2019, MR. JOHNSON filed a grievance with the Missouri Commission on Human Rights concerning the above-referenced discrimination.

58. The grievance was assigned case number P-08-19-4732 (related to Dollar Tree Stores, Inc.).

59. At no point in the last six months has DOLLAR TREE made an effort to explain to Plaintiff or his counsel how the Property is accessible, how MR. JOHNSON did not experience discrimination, or what steps, if any, DOLLAR TREE has taken to bring the Property into compliance with the requirements of the ADA.

60. On March 18, 2020, MR. JOHNSON was issued a "Right to Sue" letter by the Missouri Commission on Human Rights.

61. As a result of the above-referenced discrimination, MR. JOHNSON has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

62. As a direct and proximate result of Defendant's unlawful discrimination in violation of the MHRA, MR. JOHNSON has suffered mental anguish, inconvenience, frustration, anxiety, and humiliation.

63. MR. JOHNSON prays for judgment for damages, injunctive relief, court courts, and attorneys' fees, pursuant to Mo. Rev. Stat. § 213.111, and all other relief allowed by law.

WHEREFORE, MR. JOHNSON demands judgment against DOLLAR TREE, and requests the following relief:

    A.    That this Court declare that the Property owned, leased, and/or operated by DOLLAR TREE is in violation of the ADA and the MHRA;

    B.    That this Court enter an Order directing DOLLAR TREE to bring its policies, procedures, practices, or training modalities to ensure that the Property is accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order awarding MR. JOHNSON damages, as provided for under Mo. Rev. Stat. § 213.111.2;

    D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON, pursuant to 42 U.S.C. § 12205 and Mo. Rev. Stat. § 213.111.2; and

E.      That this Court award such other and further relief as it deems necessary, just and proper.

          Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
      Garret S. DeReus